**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARISELA HERRERA and LUZ SANCHEZ, individually and on behalf of others similarly situated,

Plaintiff,

v.

JFK MEDICAL CENTER LIMITED PARTNERSHIP d/b/a JFK CENTER, and HCA HOLDINGS, INC.,

Defendants.
_____________________________________/

CASE NO.:

**CLASS ACTION**

**NOTICE OF REMOVAL**

Defendant HCA Holdings, Inc. ("Holdings"), under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and through its counsel, hereby removes the above-captioned action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, where the action is now pending as Case No. 14-ca-8372 (the "State Court Action") to the United States District Court for the Middle District of Florida, Tampa Division. For the reasons set forth below, this Court has subject matter jurisdiction.

## I. Background.

On or about August 18, 2014, Plaintiffs Marisela Herrera and Luz Sanchez commenced a putative class action against Holdings and Defendant JFK Medical Center Limited Partnership d/b/a JFK Center ("JFK Center") by filing a Class Action Complaint and Demand for Jury Trial (the "Class Action Complaint," cited to herein as "Compl.") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Defendants waived and accepted service of process on August 18, 2014.[1] A true and correct copy of the Class Action Complaint is attached hereto as Exhibit A. A true and correct copy of the Civil Case Cover Sheet is attached hereto as Exhibit B. On August 25, 2014, Plaintiffs filed a Motion for Class Certification and Request for Stay of Briefing and Consideration of this Motion (the "Motion for Class Certification"), a true and correct copy of which is attached hereto as Exhibit C.

The Class Action Complaint relates to alleged charges by JFK Center and other Holdings-affiliated facilities in Florida in connection with emergency radiological services following motor vehicle accidents and coverage under Florida Personal Injury Protection ("PIP"). The Class Action Complaint alleges four counts against Defendants: violation of Florida's Deceptive and Unfair Trade Practices Act (Count I), Breach of Contract (Count II), Breach of the Implied Covenants of Good Faith and Fair Dealing (Count III), and Unjust Enrichment (Count IV).

**II. Subject Matter Jurisdiction Under CAFA.**

Holdings removes the State Court Action based on the Class Action Fairness Act ("CAFA"), codified under 28 U.S.C. § 1332(d) and § 1453, which provides this Court with original jurisdiction over this action and permits Holdings to remove the State Court Action from the Hillsborough County Circuit Court.

Federal jurisdiction over this action is mandatory under CAFA. CAFA vests United States District Courts with original jurisdiction as follows:

---

[1] Upon waiver of service, the parties also reached an agreement that Defendants would have 45 days to respond to the Class Action Complaint. The response deadline in the State Court Action was thus October 2, 2014.

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .

28 U.S.C. § 1332(d)(2)(A). Further, the number of members of the proposed class must be at least one hundred in the aggregate. 28 U.S.C. § 1332(d)(5)(b). CAFA's jurisdictional requirements are satisfied in this action as set forth herein and as established by (i) the Class Action Complaint and (ii) the Declaration of Michael Bray (the "Bray Declaration"), which is being filed contemporaneously with this Notice of Removal.

**A. This Action Meets the "Class Action" Definition Under CAFA.**

The State Court Action is a "class action" as defined by CAFA. CAFA provides

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

Plaintiffs filed the State Court Action as a putative class action. (*See, e.g.*, Compl. at 1 (titled "Class Action Complaint and Demand for Jury Trial"); Compl. ¶¶ 6 ("Plaintiffs bring this class action . . . ."), 35-44 (Section IV, entitled "Class Action Allegations").) Plaintiffs assert that they seek to represent a class defined as "[a]ll individuals (or their guardians or representatives) who received PIP-covered emergency care radiological services at an [Holdings]-operated facility in Florida and who either: (a) were billed by the facility for

the remaining 20% of the charges for such services; and/or (b) had their $10,000 of PIP coverage prematurely exhausted by the facility's charges for such services and, as a result, were left to pay out of pocket for additional medical services rendered by the facility and/or third-party providers that would otherwise have been covered under PIP." (Compl. ¶ 36.) The class definition excludes individuals such as officers or other affiliates of the Defendants. (*Id*.) Plaintiffs' Class Action Complaint clearly falls within the definition of a "class action" under CAFA.

**B. This Action Meets the Minimal Diversity Requirement Under CAFA.**

CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts . . . have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)).

Plaintiff Herrera alleges she is a citizen of Florida. (Compl. ¶ 8.) Plaintiff Sanchez also alleges she is a citizen of Florida. (Compl. ¶ 9.) Therefore, CAFA applies here as long as at least one Defendant is <u>not</u> a Florida citizen.

Holdings is a corporation and, as such, is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiffs (accurately) allege Holdings is a Delaware corporation. (Compl. ¶ 11.) Further, Holdings' principal place of business is in Nashville, Tennessee. (Bray Decl. ¶¶ 2-

5.) Therefore, under Section 1332(c)(1), Holdings is deemed to be a citizen of Delaware (its state of incorporation) and Tennessee (where it has its principal place of business), not Florida. Because Plaintiffs are Florida citizens and because Holdings is not a Florida citizen, this action satisfies CAFA's minimal diversity requirement.

**C. This Action Meets the Amount-in-Controversy Requirement Under CAFA.**

CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional amount-in-controversy review, CAFA requires that the claims of individual class members be aggregated: "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel*, 2014 U.S. App. LEXIS 10489 at *3 ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original).

Broadly, the Class Action Complaint focuses on the difference between the amount actually charged by JFK Center and other Holdings-affiliated facilities and an unstated "reasonable amount." (*See* Compl. ¶¶ 2, 4.) Plaintiffs do not propose how they would

calculate their alleged damages; however, the amount in controversy, for purposes of CAFA and based on Plaintiffs' allegations alone, is easily more than $5 million.

Although Plaintiffs do not allege a formula for calculating damages, it is facially apparent from the Class Action Complaint and attached exhibits that each named Plaintiff will be seeking thousands of dollars in damages. Furthermore, Plaintiffs allege that "thousands of consumers have been billed exorbitant prices for the medical services referenced herein such that the number of individual plaintiffs would make joinder impossible." (Compl. ¶ 38.) While Defendant strongly disputes Plaintiffs' entitlement to recover any damages in this action, and while it is unclear from the allegations the precise nature of relief sought, if each putative class member will be seeking thousands of dollars in damages, and if there are "thousands" of class members, then the CAFA amount-in-controversy is easily met.

Plaintiffs' previous pleadings are also revealing. Apart from allegations as to state court jurisdiction and venue, as opposed to federal court jurisdiction and venue, this action is the same as a prior action brought by Plaintiffs against Defendants in July 2014 in the Southern District of Florida, Case No. 9:14-cv-80925-WJZ. There, Plaintiffs alleged CAFA jurisdiction and admitted that "the matter in controversy exceeds $5,000,000 . . . ." *See* Compl. ¶ 7, Doc. 1, Case No. 9:14-cv-80925 (S.D. Fla. July 11, 2014). The court dismissed that case *sua sponte* for lack of jurisdiction; the dismissal was based on insufficient allegations regarding citizenship, not the allegations regarding the amount in controversy. *See* Order at 3, Doc. 14, Case No. 9:14-cv-80925, at 3 (S.D. Fla. Aug. 13, 2014) ("Plaintiffs have alleged Defendant HCA Inc.'s state of incorporation but have failed to allege in which

state Defendant has its principal place of business."). Thus, as shown above and confirmed by Plaintiffs' admission, more than $5,000,000 is in controversy for purposes of CAFA jurisdiction.

**III. Conclusion.**

WHEREFORE, Defendant HCA Holdings, Inc. respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Respectfully submitted,

/s/ Edward M. Waller, Jr.
Edward M. Waller, Jr., FBN 0106341
edward.waller@bipc.com
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC |
FOWLER WHITE BOGGS
P.O. Box 1438
Tampa, FL 33601
Tel: (813) 228-7411
Fax: (813) 229-8313
***Attorneys for Defendant HCA Holdings, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail and email to the following:

Theodore J. Leopold
tleopold@cohenmilstein.com
Leslie M. Kroeger
lkroeger@cohenmilstein.com
Diana L. Martin
dmartin@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach, FL 33410

Andrew N. Friedman
afriedman@cohenmilstein.com
Matthew S. Axelrod
maxelrod@cohenmilstein.com
Douglas J. McNamara
dmcnamara@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW
East Tower, 5th Floor
Washington, DC 20005

Charles E. Cartwright, Esq.
ccartwright@gonzalezcartwright.com
Adriana Gonzalez
agonzalez@gonzalezcartwright.com
GONZALEZ & CARTWRIGHT, P.A.
813 Lucerne Avenue
Lake Worth, FL 33460

Kimberly L. Boldt
kboldt@boldtlawfirm.com
BOLDT LAW FIRM
215 S. 21st Avenue
Hollywood, FL 33020

***Attorneys for Plaintiffs***

Thomas Meeks
tmeeks@cfjblaw.com
Walter J. Tache
wtache@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2114
***Attorneys for Defendant JFK Medical Center Limited Partnership d/b/a JFK Medical Center***

/s/ Edward M. Waller, Jr.
Edward M. Waller, Jr., FBN 0106341
edward.waller@bipc.com
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC | FOWLER WHITE BOGGS
P.O. Box 1438
Tampa, FL 33601
Tel: (813) 228-7411
Fax: (813) 229-8313
***Attorneys for Defendant HCA Holdings, Inc.***