**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARISELA HERRERA and
LUZ SANCHEZ,

    Plaintiffs,

v.                                                       Case No: 8:14-cv-2327-T-30TBM

JFK MEDICAL CENTER LIMITED
PARTNERSHIP and HCA HOLDINGS,
INC.,

    Defendants.

---

## ORDER

THIS CAUSE comes before the Court upon the Plaintiffs' Motion for Class Certification and Request for Stay of Briefing and Consideration of the Motion and Incorporated Memorandum of Law (Dkt. #3). Upon review and consideration, the Court denies the motion to certify class as premature and denies the motion to stay briefing as moot.

On or about August 18, 2014, Plaintiffs Marisela Herrera and Luz Sanchez commenced a putative class action alleging exorbitant charges for radiological services against Defendants HCA Holdings, Inc. and JFK Medical Center Limited Partnership d/b/a JFK Center in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.[1]

---

[1] On September 17, 2014, Defendant removed this case alleging jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) and § 1453.

On August 25, 2014, prior to Defendants filing a response to the complaint, Plaintiffs filed their Motion for Class Certification. The Motion states that it is being filed at the outset of the litigation to "prevent a situation where Defendants might pay amounts owed to the individual plaintiffs or waive any amounts purportedly owed to them by the individual plaintiffs in an attempt to deprive plaintiffs standing and prevent this class action suit from being adjudicated." Plaintiffs cite to *Damasco v. Clearwire*, 662 F.3d 891, 896-97 (7th Cir. 2011) for this proposition. In *Damasco*, the Seventh Circuit noted that "[c]lass-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs…." *Id.* Therefore, Plaintiffs request that the Court stay the briefing and consideration of the Motion for an unspecified amount of time.

Plaintiffs' Motion is premature. It was filed prior to a response from the Defendants and prior to the commencement of discovery. Plaintiffs' lone citation to *Damasco* to justify their strategy in filing the motion at this early juncture is unpersuasive. *Damasco* is not binding on this Court and it is doubtful that the Eleventh Circuit would adopt a similar approach. *See Church v. Accretive Health, Inc.*, 2014 WL 1623787, at *1-*2 (S.D. Ala. April 24, 2014) (discussing same). Further, as set forth by the court in *Accretive Health*,

> As the foregoing discussion demonstrates, there is precious little reason to believe that the two-step dance Church proposes here (file a generic Rule 23 Motion at the outset of the case, then stay it for many months until class discovery concludes and comprehensive briefs are prepared) is grounded in any justifiable fear that the entire class action may be ripped away from her absent such a preventive measure. The premise that a Rule 68 offer of judgment moots a class action in the absence of a prior Rule 23 motion is a decidedly minority view. The Eleventh Circuit has not accepted it. Plaintiff

2

offers no indication that the Eleventh Circuit would ever be inclined to adopt it, as indeed most other federal courts have not. Even district courts in the Seventh Circuit (which propounded that minority review) appear to allow the continued safety hatch of a two-week window after an offer of judgment is made for the plaintiff to file a class certification motion. There is no evidence and no reason to believe that Accretive will engage in such a frowned-upon "picking off" strategy here. And the underlying principle that any offer of judgment for complete relief would moot Church's claims even if she did not accept it has recently faced a withering attack from four U.S. Supreme Court Justices, with no rebuttal from the others. For all of these reasons, the Court concludes that Church's "placeholder" Motion for Class Certification is highly unlikely to confer any meaningful benefit or protection on plaintiff.

*Id.* at *2-*3.

Moreover, Plaintiffs' strategy comes with a cost. It burdens the Court with an obviously premature motion which would remain on the Court's docket as pending for an unspecified period of time. *See id.* at *3 ("Plaintiff's straight-out-of-the-chute Rule 23 Motion is highly unlikely to advance her cause one iota, but is virtually certain to impose administrative costs, unnecessary distractions, and an unhelpful drag on efficiency and judicial economy.").

It is therefore ORDERED AND ADJUDGED that Plaintiffs' Motion for Class Certification and Request for Stay of Briefing and Consideration of the Motion and Incorporated Memorandum of Law (Dkt. #3) is DENIED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2327 class cert premature.docx