**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARISELA HERRERA,

    Plaintiff,

v.                                            Case No: 8:14-cv-2327-T-30TBM

HCA HOLDINGS, INC., *et al.*,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Motion to Stay Discovery Pending Ruling on Plaintiff's Petition for Rule 23(f) Permissive Appeal (Dkt. #59), Defendants' Motion to Refer Case to Early Mediation (Dkt. #60) and Plaintiff's Responses in Opposition to the Motions (Dkts. #62 and #63). Upon review and consideration, it is the Court's conclusion that a stay of discovery is appropriate at this time, but mediation is premature.

On February 20, 2015, this Court entered an Order (Dkt. #51) striking the class allegations in this lawsuit ("the Order"), which sought to certify a class of individuals treated at HCA-affiliated facilities across Florida. The Order also dismissed all of the Plaintiffs except Marisela Herrera. Following entry of the Order, the only hospital defendant remaining in this action is Defendant JFK Medical Center Limited Partnership d/b/a JFK Medical Center, which Plaintiff Herrera alleges billed her approximately $6,500.

On March 5, 2015, Herrera (along with the dismissed Plaintiffs) filed a Petition for a Rule 23(f) Permissive Appeal (the "Petition") to the Eleventh Circuit Court of Appeals regarding the Order. Rule 23(f) provides that an appeal under this provision does not stay proceedings in the district court unless the district court or the court of appeals so orders. Fed. R. Civ. P. 23(f). "The Eleventh Circuit has not articulated a standard for considering whether a stay should be granted if a party appeals a class certification decision under Rule 23(f)." *Rosen v. J.M. Auto Inc.*, 07-61234-CIV, 2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009).

Interlocutory appeals are disfavored and the Eleventh Circuit has made it clear that it will "use restraint in accepting Rule 23(f) petitions[.]" *See Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1276 (11th Cir. 2000). As a result, "district courts disfavor a stay of district-court proceedings pending a Circuit Court's ruling on permission to pursue an interlocutory appeal." *Bacon v. Stiefel Labs., Inc.*, 837 F. Supp. 2d 1280, 1282 (S.D. Fla. 2011). Nonetheless, given the current procedural posture of the case and the small amount in controversy, staying discovery will conserve the parties' resources and prevent duplication of discovery if the Eleventh Circuit does ultimately reverse the Order.

The Court concludes that a stay of discovery is appropriate, but mediation is unlikely to be effective at this time. If the Eleventh Circuit denies the Petition, the Court is willing to reconsider ordering the parties to early mediation, upon proper motion.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Stay Discovery Pending Ruling on Plaintiff's Petition for Rule 23(f) Permissive Appeal (Dkt. #59) is **GRANTED**.

2. Defendants' Motion to Refer Case to Early Mediation (Dkt. #60) is **DENIED** without prejudice.

3. Discovery is stayed pending a ruling by the Eleventh Circuit on Plaintiff's Petition. Plaintiff shall file a notice with this Court within seven (7) days after the Eleventh Circuit issues its order.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of May, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2327 stay.docx