**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARISELA HERRERA, et al.,**

    **Plaintiffs,**

**v.**                                      **Case No. 8:14-cv-2327-T-30TBM**

**JFK MEDICAL CENTER LIMITED
PARTNERSHIP, et al.,**

    **Defendants.**
_____/

**O R D E R**

    This cause is before the Court on the following motions:

1)    Defendant, HCA Holding's Motion for Reconsideration of Order on Motion to Compel Responses to Requests for Production (Doc. 110);

2)    Hospital Defendants' Motion for Reconsideration and/or Clarification of Order on Plaintiffs' Motion to Compel Responses to Requests for Production (Doc. 111); and

3)    Plaintiffs' Response in Opposition to [Motions of HCA Holdings and Hospital Defendants] for Reconsideration and/or Clarification (Doc. 114); and

4)    Defendants' Joint Motion for Leave to File Joint Reply in Support of their Motions for Reconsideration and/or Clarification and Request for Oral Argument (Doc. 116).

Upon consideration, Defendants' Joint Motion for Leave to File Joint Reply in Support of their Motions for Reconsideration and/or Clarification and Request for Oral Argument (Doc. 116) is **denied.**

As set forth hereafter, Defendant, HCA Holdings, Inc. ("HCA") Motion for Reconsideration of Order on Motion to Compel Responses to Requests for Production (Doc.

110) and Hospital Defendants' Motion for Reconsideration and/or Clarification of Order on Plaintiffs' Motion to Compel Responses to Requests for Production (Doc. 111) are **granted in part and denied in part**.

By its motion, HCA seeks reconsideration of that portion of the Court's Order of December 16, 2016, which required HCA to produce charge master rates for radiological services from each Defendant Hospital and from a sampling of 10 other affiliated HCA hospitals in Florida. (Doc. 106). HCA complains that such affiliates are not parties to the action and that this aspect of the Order was not addressed at the hearing and, to the contrary, the Court indicated there would be no wide-ranging discovery to so-called affiliated hospitals. Moreover, HCA and its indirect affiliates are legally distinct entities, and HCA further contends Plaintiffs cannot demonstrate that HCA has control over the documents of the subsidiaries. HCA also urges the Order places a significant burden on the non-party affiliates in gathering the documents. Moreover, given the non-party status of the affiliated hospitals and the fact that none of the Plaintiffs treated at any of these hospitals, Plaintiffs lack standing to seek this discovery. HCA requests that the Court defer any such discovery until after the class certification issue has been resolved or at least until the Hospital Defendants respond.

Hospital Defendants seek reconsideration of that portion of the Order requiring they produce agreed upon pricing and/or reimbursement rates for emergency radiological services negotiated or agreed to by HCA or its hospitals with private health insurers. Defense counsel now argues that newly discovered facts reveal that most commercial insurance companies reimburse Hospital Defendants on a lump sum basis for emergency services, regardless of the provision of radiological services. While Hospital Defendants will continue to look for the

2

reimbursement data as ordered by the Court, they propose that if such does not exist, the Court should modify the Order to direct they provide the agreed reimbursement rates for emergency care which would likely include radiological services for the insurers identified by the Plaintiffs. They also request a sixty-day enlargement of time for compliance with the Order.

Hospital Defendants also ask for clarification that they do not have to *create* analyses or reports to satisfy the production ordered by the Court related to analyses, summaries, compilations, or reports reflecting on actual costs and/or comparative costs.

In response, Plaintiffs urge the Court to deny Defendants' motions.[1] On HCA's motion, Plaintiffs reject any claim of prejudice or burdensomeness in producing charge master rates of affiliated hospitals which are readily available and used by the hospitals whenever they charge a PIP-insured patient for radiological services. As for the portion of the order requiring production of charge master rates for radiological services from 10 affiliated hospitals selected by Plaintiffs, Plaintiffs urge that the production ordered is appropriate and reasonable as the suit is brought individually and on behalf of all patients who received PIP-insured emergency radiological services at Defendant Hospitals *and* other HCA-affiliated hospitals in Florida. On the issue of whether HCA has control over charge master documents at affiliated hospitals, and Plaintiffs' standing to pursue such matters, Plaintiffs cite to Defendants' publications, such as HCA's 2013 Annual Report and its Code

---

[1] Plaintiffs agree the Order does not require Defendants create any new documents.

of Conduct and other documents referenced in the Amended Complaint to urge that HCA maintains control over the affiliated hospitals.

As for the claim by defense counsel of the newly discovered fact that most commercial insurance companies reimburse the Defendant Hospitals on a lump sum basis, Plaintiffs question the same and urge such is contrary to the former representations by Defendants to the Court about such matters. In any event, the Defendants' proposed modification of the Order to require that Defendant Hospitals produce evidence of the flat fee reimbursement rates for emergency room services, if the pricing and/or reimbursement data ordered produced does not exist, is of no use to Plaintiffs in their efforts to achieve class status as such would fail to speak to relevant factors like the reasonableness of Defendants' billing for emergency room radiological services to PIP-insured patients or the usual or the customary charges and payments accepted by the provider or the reimbursement levels in the community. Plaintiffs propose that if the newly discovered fact is accurate, for those insurance carriers that pay a flat fee for emergency services, Defendants should produce documents reflecting on the negotiations or agreements with the insurers and/or managed care companies that reflect the valuation placed on or attributed to emergency radiological services in arriving at the flat fee rate. As for the requested extension of time, Plaintiffs urge an extension of no more than thirty (30) days.

Initially, except as indicated below, the court affirms the findings in the original Order, as well as all orders directing production by HCA or the Hospital Defendants.

On Hospital Defendants' motion, the Court clarifies that they do not have to *create* analyses or reports to satisfy the production ordered by the Court related to analyses,

4

summaries, compilations, or reports reflecting on actual costs and/or comparative costs. They merely need to turn over such matters as are in their possession, custody, or control.

As originally ordered, the Hospital Defendants shall produce documents reflecting the agreed upon pricing and/or reimbursement rates for emergency radiological services negotiated or otherwise agreed to by HCA and the private insurers and/or managed care providers designated. I designate defense counsel Walter Taché as the responsible counsel for making *another* good-faith and diligent inquiry of his clients to confirm whether or not there are such pricing and/or reimbursement rate records as Ordered to be produced. If they exist, such shall be promptly produced. If not, Mr. Taché shall certify the same in writing to Plaintiffs' counsel. In that event, Hospital Defendants shall produce records which reflect the pricing and/or reimbursement rate component of such flat rate fees related to emergency room radiological services.

I find HCA's complaints urging surprise, relevance, prejudice and burdensomeness regarding production of charge master rates for ten affiliated non-party hospitals are without merit and overruled.[2] At this stage of the proceedings, I find no Article III issue in Plaintiffs seeking discovery of matters concerning the nonparty affiliates' charge master rates in light of the class allegations which extend to affiliate hospitals of HCA throughout the State of Florida.

As the parties recognize, HCA's production obligation under the Court's Order relates to such matters as are in its possession, custody or control. Here, HCA argues that it has no

---

[2]If the Hospital Defendants have already made production of their respective charge masters, HCA need not duplicate that production.

5

control over such documents kept by its affiliated hospitals.  Plaintiffs argue otherwise given the oversight HCA claims to exercise over its separate but affiliated hospitals.  In these matters, control is generally defined as a party's legal right to obtain documents requested upon demand.  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *DeSoto Health and Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, Case No. 2:09-cv-599- 99SPC, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010)("Control is defined as a 'party's legal right, authority, or practical ability to obtain the materials sought on demand.'").  I find it most improbable that HCA does not possess the authority and practical ability to obtain materials from its affiliated hospitals upon demand given the oversight it claims to exercise on behalf of its consumers.  Moreover, I find it improbable that HCA does not already possess such charge master documents as part of its routine financial oversight of its holdings.  Here, it does not appear that HCA, in response to the Court's Order, made any request of its affiliates for such matters or looked to see if it already possessed such charge masters.  Moreover, there is no reason to believe that production of such matters as are in its control or possession would pose any significant inconvenience or burden on HCA or its affiliates.  Accordingly, I again designate Mr. Tasché as the responsible counsel for further inquiry of HCA as to its possession and/or control of such matters.  In this regard, HCA shall produce such relevant matters as it possesses.  And, if it has not already done so, counsel shall see that HCA makes a request from its affiliates for their responsive charge master rates.  If upon his good-faith and diligent inquiry, it develops that HCA cannot respond to the Court's Order, Mr. Taché shall certify that fact to Plaintiffs' counsel in writing and explain why.  Otherwise such records shall be produced.

Additional production required hereunder shall be made within thirty (30) days from the date of this Order.

To the extent not granted hereby, the Motions are denied.

**Done and Ordered** in Tampa, Florida this 30th day of January 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record