UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARISELA HERRERA, et al.,**

    **Plaintiffs,**

v.                                                  **Case No. 8:14-cv-2327-T-30TBM**

**JFK MEDICAL CENTER LIMITED
PARTNERSHIP, et al.,**

    **Defendants.**

                                             /

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on **Plaintiffs' Motion to Modify the Scheduling Order to Extend Deadline and Amend the Complaint to Add Parties** (Doc. 155). Defendant HCA Holdings, Inc. ("HCA") and Defendant Hospitals have filed responses in opposition.[1] (Docs. 160, 162). A hearing on this and other matters was held June 15, 2017. As set forth below, I recommend that the motion be **GRANTED in part** and **DENIED in part**.

**I.**

By their Motion to Modify the Scheduling Order, Plaintiffs seek an Order extending the following deadlines by six months:

| | |
|---|---|
| Plaintiffs' Expert Disclosure on Class Certification Issues: | June 27, 2017 |
| Defendants' Expert Disclosure on Class Certification Issues: | July 17, 2017 |
| Plaintiffs' Motion for Class Certification: | August 15, 2017 |

---

[1]Defendant Hospitals join in HCA's response.

| | |
|---|---|
| <u>Discovery Deadline for Class Discovery:</u> | <u>August 26, 2017</u> |
| <u>Defendants' Resp. to Motion for Class Certification:</u> | <u>September 2, 2017</u> |
| <u>Dispositive Motion Deadline:</u> | <u>August 29, 2018</u> |

*See* Second Amended CMSO (Doc. 126). Plaintiffs contend they require this additional time because their diligent attempts to meet the Court's deadlines have been frustrated by Defendants' discovery misconduct. In particular, Plaintiffs argue that Defendants have (1) failed to, and continue to fail to, produce requested, relevant, responsive documents resulting in repeated motions to compel; (2) shielded HCA from discovery of subsidiaries that set policies and likely possess relevant documents; and (3) provided two unprepared Rule 30(b)(6) witnesses and refused to set deposition dates for any of the five employees Plaintiffs wish to depose. (Doc. 155 at 10-16).

Defendants counter that further extensions of time are not warranted and Plaintiffs' motion to amend should be denied. In short, Defendants urge that in light of their complete cooperation in discovery and the over breadth of Plaintiffs' discovery efforts, it is time to address the class certification issues.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists if the schedule "cannot reasonably be met despite the diligence of the party seeking extension." Fed. R. Civ. P. 16 advisory committee notes; *see also Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998).

On consideration, I find that Plaintiffs adequately demonstrate good cause to extend the deadlines in the Second Amended CMSO, but not to the extent requested. Accordingly, I

2

**RECOMMEND** that **Plaintiffs' Motion to Modify the Scheduling Order to Extend Deadline** (Doc. 155) be **GRANTED in part** and that the deadlines set forth above be extended as follows:

| | |
|---|---|
| Discovery Deadline for Class Discovery: | September 29, 2017 |
| Plaintiffs' Expert Disclosure on Class Certification Issues | August 18, 2017 |
| Defendants' Expert Disclosure on Class Certification Issues: | September 22, 2017 |
| Plaintiffs' Motion for Class Certification: | October 27, 2017 |
| Defendants' Resp. to Motion for Class Certification: | November 17, 2017 |

Although Plaintiffs also seek an extension of the August 29, 2018, deadline for filing dispositive motions, they fail to demonstrate good cause for doing so. Plaintiffs do not seek to continue the November 6, 2018, pretrial conference or the trial term commencing December 2018.

As addressed by separate Order, the undersigned has permitted Plaintiffs additional discovery based generally on the conclusion that Defendants, despite protestations to the contrary, have not complied with the Court's prior orders and have deprived Plaintiffs of potentially relevant discovery This discovery, which will entail additional searches for ESI and a few additional depositions, should be completed and available to the experts before the deadline for expert disclosures. Beyond these extensions, I recommend that no further extensions be granted absent extraordinary cause.

## II.

By their **Motion to Amend the Complaint to Add Parties**, Plaintiffs seek an Order allowing them to file an amended complaint to add HCA Management Services, LP ("HCA Management Services") as a party defendant. Plaintiffs assert good cause for the amendment exists because they did not know of its existence or its roles in setting the prices at HCA hospitals

until the May 8, 2017, corporate deposition of Michael Bray. Plaintiffs further assert that the proposed amendments comport with Fed. R. Civ. P. 15 and 21 because there has been no undue delay in seeking amendment, Defendants will not be unduly prejudiced because Plaintiffs' claims and theories have not changed, and amendment would not be futile. Plaintiffs attach to their motion a redlined version of the proposed "Second Amended Complaint." (Doc. 155 at 16-22, and Ex. B).

In brief, Defendants argue that the motion should be denied as untimely and because amendment would be futile.

As an initial matter, Plaintiffs' motion to amend is untimely.[2] Because Plaintiffs filed their motion to amend after the deadline to do so, they first must demonstrate good cause under Rule 16(b) before the Court will consider whether their proposed amendment is proper under Rule 15(a).[3] *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (citations

---

[2]The Second Amended CMSO, dated March 7, 2017, states: "Parties shall take heed that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*. *See* Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D). If evidence arises during fact discovery that would support a motion to amend a pleading, the moving party shall file a motion to amend within *fourteen (14) days* of learning of the evidence. Motions to amend after that fourteen (14) day window will be governed by a good cause standard. *See* Fed. R. Civ. P. 16(b)(4)." (Doc. 126).

[3]To establish good cause, Plaintiffs must demonstrate diligence. *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (citations omitted). Factors relevant to this inquiry include: "(1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, whether the plaintiff delayed in asking for amendment." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (quotation and citation omitted).

omitted); *Mann v. Taser Intl., Inc.*, 588 F.3d 1291, 1312 (11th Cir. 2009). Untimely motions to amend pleadings are disfavored. M.D. Fla. R. 3.05(c)(2)(E), (c)(3)(D).

Moreover, after full review of the proffered matters, I find inadequate good cause to add HCA Management Services as a party-defendant at this time. Plaintiffs proffer only slightly more than their belief that HCA Management Services plays a significant role in setting common policies and determining prices at HCA hospitals. To the contrary, the proffered evidence fairly uniformly shows that while Hospital Defendants receive guidance on charge master rates from HCA Management Services and others, the charge masters rates are determined by hospital CFOs or comptrollers and approved by the hospital's corporate officers. As of yet, there is no evidence that the policies and pricing of charge masters is centrally controlled by HCA or any of its subsidiaries. In this light, the addition of HCA Management Services as a party defendant appears futile.[4]

For the reasons that follow, I **RECOMMEND** that **Plaintiffs' Motion to Amend the Complaint to Add Parties** be **DENIED**.

> Respectfully submitted this
> 23rd day of June 2017.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

---

[4] It bears noting again that I have permitted Plaintiffs to pursue additional discovery on the role played, if any, by non-hospital subsidiaries such as HCA Management Services in setting charge master rates. Should Plaintiffs' suspicions pan, out a renewed motion might well be in order.

5

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
James S. Moody, United States District Judge
Counsel of record